UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY WOOD, | Case No. 3:25-cv-00696-ART-CLB |
| Petitioner, | DISMISSAL ORDER |
| v. | |
| JOHN HENLEY, | |
| Respondent. | |

Petitioner Tony Wood filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, paid his filing fee, and moved for the appointment of counsel. (ECF Nos. 1-1 ("Petition"), 4, 5.) This matter is before the Court for preliminary review under the Rules Governing Section 2254 Cases. For the reasons discussed below, the Court dismisses the Petition as not cognizable and denies the motion for counsel.

Under Habeas Rule 4, the assigned judge must examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. Habeas Rule 4; *see also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). A state prisoner's habeas claim is cognizable under § 2254 only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc). If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, "if at all," under 42 U.S.C. § 1983. *Id.* at 931. Said another way, habeas relief is not available for "probabilistic claims," i.e., where success on the claims "could potentially affect the duration of confinement" or is "likely to accelerate the prisoner's eligibility for parole." *Id.* at 933–34 (quotation omitted).

Here, Wood started serving his life sentence for first-degree murder in 1978. (ECF No. 1-1 at 2.) Wood explains that he has been found ineligible to be

1

seen by the Nevada State Board of Pardons Commissioners for commutation of his sentence under Nevada Administrative Code 213.103, which was enacted in 2010. (*Id.*) Wood argues that this violates the Ex Post Facto Clause of the United States Constitution. (*Id.*)

Success on the merits of Wood's claim would not necessarily lead to his immediate or speedier release because a finding that Wood could be seen by the Nevada State Board of Pardons Commissioners would not necessarily lead to a grant of a pardon. Under Nevada law, the Nevada State Board of Pardons Commissioners has the authority and discretion to grant or deny a pardon. *Powell v. State*, No. 76448, 2019 WL 1245614, at *1 n.2 (Nev. March 15, 2019) ("The power to pardon and commute lies within the discretion of the Pardons Board."). Consequently, Wood's claim does not fall in the "core" of habeas and must be brought—if at all—under 42 U.S.C. § 1983.[1] *See Stanhope v. Ryan*, No. CV-14-00310-TUC-BPV, 2017 WL 1163303, at *8 (D. Ariz. Mar. 29, 2017) (explaining that "even if Petitioner were to succeed on his claim that he was improperly denied a commutation hearing, it does not necessarily follow that such a determination would result in his immediate release from custody or the shortening of his sentence" because "the absence of a commutation hearing in this case does not compel the grant of clemency"). The Court dismisses the Petition.

It is therefore ordered the Petition (ECF No. 1-1) is dismissed as not cognizable. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition to be debatable or wrong.

It is further ordered that the motion for counsel (ECF No. 5) is denied.

---

[1] The Court has not completed a review of other potential issues that may arise if Wood files a § 1983 complaint. This Order does not explicitly or implicitly find that a § 1983 complaint would be free of deficiencies, procedural or otherwise. In addition, the Court expresses no opinion regarding the exhaustion of administrative remedies, which is a prerequisite to filing a complaint presenting constitutional claims to the federal courts. 42 U.S.C. § 1997e (Prison Litigation Reform Act or "PLRA"); *Nettles,* 830 F.3d at 932.

1    It is further kindly ordered that the Clerk of the Court (1) add Nevada
Attorney General Aaron D. Ford as counsel for Respondents, (2) electronically
provide Respondents' counsel copies of the Petition (ECF No. 1-1), this Order, and
all other filings in this matter by regenerating the notices of electronic filing,[2] (3)
enter final judgment dismissing this action, and (4) close this case.

DATED THIS 29th day of December 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2] No response is required from Respondents other than to respond to any orders of a reviewing court.